Ariel Rosita KING, Dr. And Alma, by Her Next Best Friends Dr. Margo King and Dr. Ariel Rosita King, Appellants

v.

DISTRICT OF COLUMBIA, Appellee.

No. 12–7066.

United States Court of Appeals, District of Columbia Circuit.

March 1, 2013.

Roy Leslie Morris, Law Office of Roy L. Morris, Arlington, VA, for Appellants.

Stacy Anderson, Todd Sunhwae Kim, Solicitor General, Donna M. Murasky, Esquire, Deputy Solicitor, Office of the Attorney General, District of Columbia Office of the Solicitor General, Washington, DC, for Appellee.

Before: BROWN, Circuit Judge, and WILLIAMS and SENTELLE, Senior Circuit Judges.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C.Cir. Rule 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Appellants challenge the District Court's decision dismissing their complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (6). Counts I, III, IV, V, VI, VIII, and IX of the nine-count complaint in whole or in part purport to represent the interests of pseudonymous minor child Alma. Those claims are barred under the principles of prudential standing articulated in *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 17, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004). To the extent that allegations contained in Counts II, III, IV, V, and VII challenge the validity of a state court custody judgment, they are jurisdictionally barred under the *Rooker–Feldman* doctrine. See *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 75 (D.C.Cir.1997). To the extent that Appellants claim that they have been unconstitutionally denied their rights to access to medical and educational records, the claims fail because they do not allege facts, such as the procedures available to them to secure such records, that would "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Beyond the constitutional claims to records, the claims in Counts II, III, IV, V, and VII are "wholly insubstantial and frivolous" so that we lack jurisdiction to decide them on the merits. *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.